(September 11, 1997)

■ In the Matter of the Estate of SYLVAN LAWRENCE, Deceased. ALICE LAWRENCE, Respondent; SEYMOUR COHN et

al., Appellants. [662 NYS2d 36] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered February 21, 1996, which granted petitioner's motion to confirm so much of Part I of the amended Report of the Referee (Hon. Samuel Silverman), dated October 13, 1995, as determined that respondent executor, in deciding not to sell certain real estate and not to terminate the executorship, had acted at least in part for his personal advantage and gain; and order, same Court and Surrogate, entered December 23, 1996, which granted petitioner's motion to confirm so much of Part II of the Report of the same Referee, dated July 18, 1996, as dismissed respondent's first affirmative defense and determined that the will contemplated a winding-up of the estate shortly after December 31, 1991, unanimously affirmed, without costs.

Ample evidence at the Referee's hearing, including letters and memoranda written by the executor, supports the finding that the executor's failure to sell certain properties in which both he and the estate held interests was motivated in part by his own personal interest in obtaining income and estate tax advantages for himself upon his death (*see, Matter of Bruches*, 67 AD2d 456, 461-463; *Namer v 152-54-56 W. 15th St. Realty Corp.*, 108 AD2d 705). The remedy recommended in Part II of the Referee's Report, an accounting and winding-up of the estate, has ample support in the residuary trust provision of the will, which was correctly construed as contemplating a winding-up and distribution of the estate within 10 years of the testator's death (*see, Matter of Larkin*, 9 NY2d 88, 91), in the estate's 50% interest in the subject partnership, the petitioner's preference for a final accounting, and the other facts found by the Referee, all of which served to make the subject partnership one at will as of December 31, 1991 (*see,* Partnership Law § 45 [1]; § 62 [1] [b]; *Corr v Hoffman*, 256 NY 254, 272-273).

We refrain from expressing any view at this time as to whether any surcharge of the executor is warranted. That issue is not preserved on this appeal. Concur—Murphy, P. J., Milonas, Rosenberger, Wallach and Andrias, JJ.